## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
## ATLANTA DIVISION

TAHIR WHITEHEAD,                    )
                                    )
    PLAINTIFF,                    )
                                    )
v.                                  )          CIVIL ACTION NO.:
                                    )
TAC, INC.,                          )
                                    )          JURY TRIAL REQUESTED
    DEFENDANT.                    )
_____  )

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff, Tahir Whitehead, for himself and all those similarly situated, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA.  Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states the following as his Collective Action Complaint in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, TAC, Inc., is a domestic Corporation organized and existing under the State laws of Georgia, with a principal place of business of 645 North Meade Drive, Peachtree City, Georgia 30269.

4.

Service of process for TAC, Inc. can be effectuated through its registered agent Samuel Tucker, 312 North Meade Drive, Peachtree City, Georgia 30269.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

II.   **PARTIES**

6.

Plaintiff, Tahir Whitehead, is an adult resident citizen of Clayton County, Georgia.

7.

At all times relevant to this Complaint, Plaintiff and other similarly situated employees were "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff and other similarly situated employees to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding the Plaintiff and other similarly situated employees within this District.

9.

At all times relevant hereto, Plaintiff and other similarly situated employees suffered and/or were permitted to work for the benefit of the Defendants.

10.

Defendant, TAC, Inc., lists its principal office address as 645 North Meade Drive, Peachtree City, Georgia 30269.  Upon information and belief, Defendant is a domestic Corporation conducting business within the State of Georgia and within this district.

11.

Defendant describes its business as a discount furniture retailer; offering customers in the Atlanta metropolitan area brand name furniture at discount prices.

12.

The Defendant is engaged in interstate commerce for purposes of the FLSA.

13.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

14.

Defendant directed Plaintiff and directed its other similarly situated employees to individually engage in interstate commerce.

15.

Plaintiffs, and other similarly situated employees, as part of their job duties, regularly engage in interstate commerce.

16.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

III.   **FACTUAL ALLEGATIONS**

17.

Plaintiff is an adult resident of the State of Georgia.  Plaintiff was employed by the Defendant from in or around June, 2013 through in or around November, 2013.

18.

Plaintiff and other similarly situated employees were compensated on an hourly basis by the Defendant.  As an hourly employee, Plaintiff and other similarly situated employees were entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

19.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or was employed in an enterprise that engaged in interstate commerce.

20.

Upon information and belief, Defendant classified Plaintiff and other similarly situated employees as hourly nonexempt employees, compensating them on an hourly basis.

21.

Plaintiff was compensated at an hourly rate of $7.25 with overtime rate of $10.88, and was paid on a bi-weekly basis.

22.

 Plaintiff and other similarly situated employees were employed as local delivery drivers and installation technicians.

23.

Plaintiff's and other similarly situated employees' job function was to deliver customer furniture purchases from the local warehouse utilizing a small box truck or other delivery vehicles.

24.

Plaintiff and other similarly situated employees also were required upon arrival at a customer's residence, to assemble or otherwise install the furniture purchase.

25.

Defendant required Plaintiff and other similarly situated employees to submit the hours suffered by utilizing a manual time card, which tracked the hours worked each day.

26.

Plaintiff and other similarly situated employees routinely worked in excess of forty (40) hours per week, and submitted this time to Defendants for compensation.

27.

Defendant had a practice of manipulating the time records to create a record that inaccurately reported the hours worked, and instead underreporting the hours actually suffered.

28.

The Defendant would often pay a cash wage at a rate less than required pursuant to the FLSA and nevertheless undercompensating Plaintiff and other similarly situated employees, and even failing to compensate Plaintiff and other similarly situated employees for all hours worked.

29.

During the tenure of Plaintiff's employment, Plaintiff regularly complained to the Defendant that its practices under compensated Plaintiff and other similarly situated employees; however, the Defendant refused to investigate and/or correct the illegal practices.

30.

Plaintiff's complaints regarding the record keeping system and the compensation practice to his employer constituted protective activity pursuant to the FLSA.

31.

In response to Plaintiff's complaints exercising his rights under the FLSA, the Defendant refused to take any corrective action.

32.

Within a short proximity of time from making the complaints to the Defendant, Plaintiff was subjected to retaliation whereby Defendants engaged in

retaliatory conduct including but not limited to immediate schedule changes, suspending the Plaintiff from work and ultimately terminating his employ.

33.

Plaintiff alleges that the Defendant had a pattern and practice of retaliating against any employee who raised any issue related to the FLSA.

34.

During Plaintiff's employment with the Defendant as hourly employee, Defendant willfully and knowingly failed to fully compensate Plaintiff, and other similarly situated employees for all overtime hours worked.

35.

The Defendant knowingly and willfully failed to compensate Plaintiff, and other similarly situated employees, by paying a rate less than prescribe by the FLSA for hours worked in excess of forty (40) hours.

36.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff and other similarly situated employees at the premium overtime rate for each hour over forty (40) hours they worked per week.

37.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff, and others similarly situated for all hours worked.

38.

Defendant has failed to keep accurate time records for the Plaintiff, and other similarly situated employees, in conformity with the FLSA.

39.

Defendant failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

40.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff, and other similarly situated employees, in conformity with the requirements of the FLSA.

41.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, and/or without being paid the premium for hours worked in excess of forty (40) per week.

42.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the minimum wage, straight time wages, and overtime premium.

43.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay its employees the amount of pay as required by law.

44.

Upon information and belief, Defendant has negligently, intentionally and repeatedly manipulated its records to reflect its employees were working less hours then actually worked.

45.

As a result of these actions, Defendant fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set

forth above, which is a period of at least seven (7) years.  Defendant is estopped from raising such statute of limitations as a bar to full recovery.

46.

There are numerous similarly situated hourly employees and former hourly employees of Defendant who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

47.

As a result of the Defendant's violation of the FLSA, Plaintiff, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

48.

Plaintiff, and all similarly situated employees, are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

49.

Defendant has not made a good faith effort to comply with the FLSA.

50.

Plaintiff, and other similarly situated employees, are entitled to an award of attorneys' fees under the FLSA.

51.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

52.

The current hourly employees employed by the Defendant will continue to suffer irreparable injury from Defendants' unlawful and willful conduct unless enjoined by this Court.

## IV.  COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

53.

Plaintiff incorporate by reference paragraphs 1 – 52 as if full set forth herein.

54.

The Defendant has willfully failed to compensate Plaintiff, and other similarly situated hourly employees, for overtime hours worked during their employment at the premium rate.

55.

Defendant, by such failure, has willfully violated the minimum wage provisions of the FLSA.

56.

Defendant has failed to keep adequate records of all time worked by the Plaintiff.

57.

Defendant, by such failure, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT TWO:    COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA – TIME SHAVING

58.

Plaintiffs incorporate by reference paragraphs 1 – 57 as if fully set forth herein.

59.

Defendant willfully failed to compensate the Plaintiff and all those similarly situated employees for all time worked.

60.

Defendant has failed to keep adequate records of all time worked by Plaintiff and all those similarly situated employees.

61.

Plaintiff and all those similarly situated employees were routinely required to utilize a time keeping system that Defendant manipulated to underreport the hours suffered, resulting in a violation of the FLSA that included by was not limited to a failure to fully compensate for all hours worked, a failure to pay minimum wages, and a failure to pay the overtime wages.

62.

By manipulating the time records, the Defendants failed to full compensate Plaintiff and all those similarly situated employees for all hours worked.

63.

Defendant's practices and policies with regard to the timekeeping system and compensation is in direct violation of the FLSA.

64.

Defendants have willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff pray that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiffs should have received under the FLSA, but for Defendant's willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI.   COUNT THREE: PRAYER FOR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(B).

65.

Plaintiffs incorporate by reference paragraphs 1 – 64 as if fully set forth herein.

66.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former

non-exempt employees of the Defendant, who worked within the three (3) years prior to the filing of this complaint.

67.

Plaintiff, and those employees similarly situated, work at a number of locations within the metropolitan Atlanta area, but are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

68.

Plaintiff and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

69.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendant who were not compensated for all hours worked, were not paid the overtime premium for those hours in excess of forty (40) per week, and were not paid at least the minimum wage.

70.

The similarly situated employees are known to Defendant and are readily identifiable from the Defendant's employee records.

71.

There exists a common question of law and fact with regard to Plaintiff and all similarly situated current and former employees. Those issues include but are not limited to:

a.   Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

b.   Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week;

c.   Whether the Defendants knowingly "shaved" the hours submitted by its employees; and

d.   Whether the Defendants knowingly failed to pay the minimum wage.

WHEREFORE Plaintiffs, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A.  At the earliest time, Plaintiff be allowed to give notice, or that the Court issue such Notice to all Defendant's hourly employees in all locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if

the employee or former employee was not paid in accordance with the FLSA;

B.  Plaintiff, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  Plaintiff's and all other potential plaintiffs' reasonable attorneys fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## VII.  COUNT FOUR:  PRAYER FOR COLLECTIVE ACTION CLAIMS FOR RETALIATION 29 U.S.C. §215(a)(3).

### 72.

Plaintiff incorporate by reference paragraphs 1 – 71 as if fully set forth herein.

### 73.

During the course of Plaintiff's employment with Defendant, Plaintiff made numerous oral complaints to the Defendant regarding his rights pursuant to the FLSA.

74.

Oral complaints to an employer constitute protected active pursuant to the FLSA.

75.

Within a short proximity of time to Plaintiff engaging in protected activity, Plaintiff was subjected to retaliation.

76.

Other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant, thus Plaintiff were subjected to disparate treatment.

77.

Pursuant to 29 U.S.C. §215(a)(3), Defendant are prohibited from discriminating against Plaintiffs for engaging in protective activity pursuant to the FLSA.

78.

Plaintiff has suffered and continue to suffer grave and sever mental anguish and emotional distress, actual damages to his financial welfare, his employment prospects, and damage to their reputation in the community in which he lives and works.

79.

Defendant had a uniform practice and policy of retaliating against any employee, who exercised rights pursuant to the FLSA.

WHEREFORE Plaintiff prays for the following relief:

A.    Actual damages, including reimbursement for lost wages;

B.    Future wages for loss of income;

C.    Prejudgment and Post Judgment interests;

D.    Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.    Compensatory damages including mental anguish and emotional distress;

F.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 2nd day of January, 2014.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**DEMELFI LAW GROUP, LLC**

/s/ Frank DeMelfi_____
Frank DeMelfi, Esq.
Georgia Bar No. 320128

4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:   (678) 948-7808
Facsimile:   (866) 674-7808
Email:        fdemelfi@gmail.com