IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| TAHIR WHITEHEAD, <br> TOMMY FIELDS, <br>     PLAINTIFFS, <br><br> v. <br><br> TAC, INC., <br>     DEFENDANT. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO.: <br> 3:14-cv-00001-TCB |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
STIPULATION OF JUDGMENT DISMISSING CASE, WITH PREJUDICE**

Plaintiffs, Tahir Whitehead ("Whitehead") and Tommy Fields ("Fields"), and Defendant, TAC, Inc. ("TAC"), by and through their undersigned counsel and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby move this Court for an Order approving the Settlement Agreement ("Agreement") reached between the parties and entering a stipulation of judgment dismissing this case, with prejudice.

The parties jointly request that the Court approve this Agreement, in which Plaintiffs have agreed to waive claims under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216 *et. seq*. A copy of the Agreements are attached hereto as *Exhibit A*. The parties seek Court approval of the Agreement. *See* 29 U.S.C. §

216(c); *see also Lynn's Food Stores v. United Sates,* 679 F.2d 1350, 1351 (11th Cir. 1982).

## I.   BACKGROUND

Plaintiffs brought this action alleging a violation of the FLSA and seeking unpaid overtime compensation and liquidated damages associated with their employment with TAC.  On April 30, 2014, TAC answered the Complaint and denied any liability or wrongdoing.  In order to avoid continued costs and the uncertainty of litigation, and to wrap-up all remaining issues, the parties have negotiated a settlement in this matter.  TAC does not admit liability, and Plaintiffs do not admit a lack of liability.  As such, and with disputed issues of fact involved, both parties faced risks if litigation continued.

## II. ARGUMENT

### A.  Legal Standard

In considering the parties' Motion, the Court is required to "determine[ ] that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over an FLSA provision." *Lynn's Food Stores*, 679 F.2d at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in

dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). "[T]he district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: "(1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In weighing these factors, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Id.* at 1146 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

3

## B. The Parties' Settlement Agreement Should Be Approved

### 1. The FLSA Settlement Amount

As explained above, Plaintiffs allege they were not paid for overtime hours worked as required by the FLSA. TAC maintains that Plaintiffs and other similarly situated employees were properly compensated pursuant to the FLSA.

There is no evidence of fraud or collusion in the settlement. As a result of the settlement, Whitehead will receive: (a) $3,000 in alleged backpay; (b) $3,000 in alleged liquidated damages; and (c) $5,500 in attorney fees for a total settlement amount of $11,500 payable to Whitehead. Fields will receive: (a) $1,000 in alleged backpay; (b) $1,000 in alleged liquidated damages; and (c) $1,500 in attorneys fees for a total settlement amount of $3,500. Such payments are proportionate to the hours worked and the length of time worked for TAC. Thus, there is very little, if any, incentive for Plaintiffs to proceed to trial in this case, especially in light of the risks associated with trial and the defenses being asserted by TAC. Analysis of "the amount of the settlement in relation to the potential recovery" weighs heavily in favor of the Court approving the settlement.

Counsel for both parties are experienced attorneys who practice in this area of law, and they represent that this settlement is a fair and reasonable compromise of Plaintiffs' claims in this case. Although Plaintiffs' and their counsel believe the

4

claims asserted in this case have merit, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against TAC through trial and, if they were successful, through possible appeals. In addition, Plaintiffs and their counsel also recognize and acknowledge the uncertain outcome and risk of any litigation, the difficulties and delays inherent in such litigation, and the likelihood of protracted appellate review. As a consequence, Plaintiffs' counsel believes that the settlement reached confers benefit upon Plaintiffs commensurate to the risk of litigation, and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interest of Plaintiffs.

Similarly, although TAC and its counsel believe the claims asserted in this action lack merit and that TAC acted in good faith, it nonetheless believes that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to TAC's best interests.

Both parties further agree that the legal fees awarded to Plaintiff's attorneys in the Agreement are fair and reasonable. "The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the

wrong employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In calculating an award of attorney fees the Court must use the lodestar method and determine the number of hours reasonably expended on a case multiplied by a reasonable hourly rate. *See Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1264 (M.D. Fla. 2008). The Agreement provides that TAC will pay to Plaintiffs' counsel $7,000 for attorney fees and litigation expenses related to his FLSA claim. Such amount was agreed to separately and without regard to the amount settled upon for Plaintiff's FLSA claim. Counsel avers there is no reason to believe Plaintiff's recovery was adversely affected by the amount of attorney fees agreed upon by the parties and the proposed award of attorney fees and costs in this case is more than fair and reasonable.

### 2.

### The General Release Settlement Amount

The parties have separately negotiated and agreed upon a mutual release of claims against one another. As separately set forth in the Settlement Agreement, TAC has agreed to pay Whitehead the gross amount of $3,500 for a general release and Fields $500 for a general release. While this portion of the Settlement

Agreement does not require Court approval, the parties wanted the Court to have a complete understanding of the settlement that has been reached.

### III.

### CONCLUSION

For the reasons set forth above, the parties respectfully request that this Court approve the Settlement Agreement in this matter, which was reached at arms-length and has been voluntarily executed by both parties. The parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order in the form of the Agreed Order attached hereto as Exhibit B, dismissing this action with prejudice.

Respectfully submitted this 28th day of July, 2014.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEY FOR DEFENDANT |
|---|---|
| By: */s/ Christopher D. Vaughn* | By: */s/ J. Lansing Kimmey* |
| Christopher D. Vaughn, Esq. | J. Lansing Kimmey, Esq. |
| Georgia Bar No. 726226 | Georgia Bar No. 419150 |
| A. Brian Henson, Esq. | J. Craig Murphy |
| Georgia Bar No. 747269 | Georgia Bar No. 530922 |
| The Vaughn Law Firm, LLC | Kimmey, Murphy & Horsley, P.C. |
| 246 Sycamore Street Suite 150 | 229 Peachtree Street, N.E. |
| Decatur, Georgia 30030 | Suite 2410 |
| phone: 404-378-1290 | Atlanta, Georgia 30303 |
| facsimile: 404-378-1295 | Phone: (404) 586-9848 |
| | Facsimile: (404) 588-9630 |

By:   <u>*/s/ Frank DeMelfi*</u>
Frank DeMelfi, Esq.
DeMelfi Law Group, LLC
4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:   (678) 948-7808
Facsimile:   (866) 674-7808
Email: fdemelfi@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| TAHIR WHITEHEAD, | ) | |
| TOMMY FIELDS, | ) | |
| | ) | |
|     PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:14-cv-00001-TCB |
| TAC, INC., | ) | |
| | ) | JURY TRIAL REQUESTED |
|     DEFENDANT. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

    THE UNDERSIGNED counsel for Plaintiff hereby certifies that this day he caused the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF JUDGMENT DISMISSING CASE, WITH PREJUDICE to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic mail notification of such filling sufficient to constitute service to counsel of record:


Frank DeMelfi, Esq.                            John Lansing Kimmey , III, Esq.
DeMelfi Law Group, LLC.              Joseph Craig Murphy, Esq.
                                                      Kimmey, Murphy & Horsley, P.C.

Case 3:14-cv-00001-TCB   Document 13   Filed 07/28/14   Page 10 of 10

Respectfully submitted, this 28th day of July, 2014.

                                  The Vaughn Law Firm, LLC

                                  */s/ Christopher D. Vaughn*
                                  Christopher D. Vaughn, Esq.
                                  Georgia Bar No. 726226
                                  A. Brian Henson, Esq.
                                  Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

10